**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: March 14 2011**

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| In Re: Kevin Lake | ) | Case No. 10-35146 |
| | ) | |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Mary Ann Whipple |
| | ) | |
| | ) | |

### ORDER DENYING MOTION FOR RELIEF FROM STAY

      The court held a preliminary hearing on March 10, 2011, on the Motion for Relief from Stay [Doc. # 76] (the "Motion") filed by Deborah Miller, Individually and as Administrator of the Estate of Benjamin Miller, and Stephen Miller, Individually ("Movants"). At the hearing the United States of America was orally granted leave to file its response to the Motion and the court therefore also considered its position on the Motion.

      Movants seek relief with respect to pursuit of pending litigation against Debtor in other state and federal fora. At the hearing, the court confirmed that the relief requested does not involve property of Debtor. Therefore, based on the reasons and authorities stated on the record by the court at the hearing, which constitute the court's oral findings of fact and conclusions of law, the Motion will be denied as moot due to the prior statutory termination of the automatic stay under 11 U.S.C.

§ 362(c)(2)(C) upon entry of Debtor's discharge on November 17, 2010.

The automatic stay takes effect on the filing of a bankruptcy petition. 11 U.S.C. § 362(a). A vital part of the bankruptcy fresh start, and necessary to impart breathing room to debtors and other constituents in the bankruptcy process, among the actions prohibited by the automatic stay is "the commencement or continuation...of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of a case under this title..." 11 U.S.C. § 362(a)(1). While it may be terminated earlier on request of a party in interest, *see* 11 U.S.C. § 362(d), the statute establishes the limited duration of the automatic stay. 11 U.S.C. § 362(c). The stay of actions against the debtor continues until the earliest of "(A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is a case under chapter 7 of this title concerning an individual...the time a discharge is granted or denied." 11 U.S.C. § 362(c)(2). *Cf.* 11 U.S.C. § 362(c)(1)(stay of acts against property continues until property is no longer property of the bankruptcy estate). Subpart (c)(2) sounds more dramatic than it is in practical legal effect. In most instances the temporary automatic stay is seamlessly succeeded by the permanent injunction of the discharge, 11 U.S.C. § 524(a).

This is an open, active case under Chapter 7 involving an individual debtor, making subpart (c)(2)(C) relevant. Movants seek relief against the Debtor, not against any property of the Debtor. They filed the Motion on February 14, 2011, after Debtor's Chapter 7 discharge was entered on November 17, 2010. [Doc. # 34]. As a result, the automatic stay of actions against Debtor terminated by operation of law on November 17, 2010. There is no longer an automatic stay in effect from which the court can grant relief to Movants. *American National Bank & Trust Co. v. DeJournette*, 222 B.R. 86, 90 (W.D. Va. 1998); *cf. United States v. Carolina Parachute Corp.*, 907 F.2d 1469, 1474 (4th Cir. 1990)(statutory termination of stay in Chapter 11 case). There now being no live case or controversy, *DeJournette*, 222 B.R. at 90, the court is prohibited from rendering an advisory opinion on any discharge issue.[1] The Motion must therefore be denied as moot. *Green v. Welsh,*

---

[1] While actions to address contempt of the discharge injunction are commenced by motion, *Barrientos v. Wells Fargo Bank NA*, Case No. 09-55810, 2011 U.S. App. LEXIS 2493, 2011 WL 451955 (9th Cir., Feb. 10, 2011), proceedings in this court to obtain a declaratory judgment are adversary proceedings, Fed. R. Bankr. P. 7001(4),(9). An adversary proceeding must be commenced by separate complaint, Fed. R. Bankr. P. 7003, which must be served on a defendant with a summons issued by the Clerk, Fed. R. Bankr. P. 7004.

956 F.2d 30, 32 (2d Cir. 1991); *Trainor v. Kowalske,* Case No. 08-14774, 2009 U.S. Dist. LEXIS 50465 (E.D. Mich. 2009)*; see Tigue v. Sosne (In re Tigue),* 363 B.R. 67 (B.A.P. 8th Cir. 2007)

**IT IS, THEREFORE, ORDERED** that the Motion for Relief from Stay [Doc. # 76] filed by Deborah Miller, Individually and as Administrator of the Estate of Benjamin Miller, and Stephen Miller, Individually is **DENIED**, as moot, without prejudice.